*04-22767.rr*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 04-22767 CIV HOEVELER

LUIS CANO,

  Movant,

vs.

UNITED STATES OF AMERICA,

  Respondent.

_____/

## REPORT AND RECOMMENDATION

This Cause is before the Court on Movant Luis Cano's Motion for New Trial and Motion to Vacate, to Set Aside Conviction and Sentence, or to Correct Sentence, filed November 1, 2004. The Court has reviewed the Motion, the Answer and the Reply.

### Procedural Facts

On September 30, 1998, the movant was convicted by jury on multiple counts including: (1.) Continuing criminal enterprise, (2.) 10 counts of conspiracy to possess cocaine with intent to distribute, (3.) Possession of marijuana with intent to distribute, (4.) Money laundering conspiracy, and (5.) 56 counts of money laundering (with six other counts of money laundering acquitted). The movant was sentenced to a mandatory life sentence with concurrent life sentences. The United States Court of Appeals for the Eleventh Circuit affirmed the convictions on May 3, 2002. Certiori was denied by the United States Supreme Court on November 3, 2003. Subsequently, the movant allegedly discovered "new evidence" that several witnesses committed perjury during the trial, resulting in a wrongful conviction. The subject motions were filed on November 1, 2004 seeking a new trial or post conviction relief based on the alleged new evidence.

1

## Statement of the Case and Facts

The present motion is based upon alleged new evidence that two witnesses at the movant's trial committed perjury on the stand. The two witnesses, Amanda Carillo and Tonya Mohler ("Amanda" and "Tonya") now challenge several other key witness's testimony and allegedly claim that they and the witnesses conspired to frame the movant in order to receive more generous sentences for themselves. The alleged perjurious statements are detailed in the Appendix to Luis H. Cano's Memorandum of Law in Support of Motion to Vacate Sentence and Motion for New Trial, and include alleged falsehoods from many witnesses that testified against the movant. The reported new evidence comes in the form of several unsworn interviews between Amanda, Tonya, and a private investigator.[1]

The United States addresses these allegations providing numerous affidavits in opposition to the unsworn statements. These affidavits include testimony from Drug Enforcement Administration ("DEA") Agent Victor Gobbi, and DEA Agent Mark Minelli, as well as Tonya. The affidavits reveal Amanda's plot to free Cano by recanting previous testimony. Agent Gobbi testified that Amanda came to Ruben Carillo ("Carillo"), a witness for the prosecution in Cano's trial and Cano's cocaine trafficking partner, while serving his prison sentence in an attempt to have him recant his testimony from Cano's trial. *See* Respondent's Attachment "One" and Exhibit "A." Carillo refused her request and would not sign the affidavit she had prepared for him. *See* Respondent's Exhibit "A."

Agent Minelli testified that the assertions made by both Amanda and Tonya in their interviews are false. *See* Respondent's Attachment "Three" (hereinafter "Affidavit of Agent Minelli"). He denies eliciting perjured testimony from any defendants or witnesses involved in this investigation. Id. He states that he has never coordinated, orchestrated, or perpetrated the influencing of testimony

---

[1] Certified transcripts are available of these interviews as well as audio recordings; however, the Movant failed to provide any sworn statements in support of his motion.

2

of any witnesses through coercive conduct. Id. He states that he is unaware of any activities conducted by any officer of the Court or any testifying defendant/witness which would suggest that a conspiratorial alliance existed to falsely convict the Movant. Id.

Tonya's affidavit explains how Amanda manipulated her into giving scripted interviews to Amanda's private investigator. *See* Respondent's Attachment "Two" (hereinafter "Affidavit of Tonya") and Exhibits "C" and "D." Tonya explained that Amanda insisted that Cano was a changed man and fell back in love with her (Amanda, the mother of Cano's child), which prompted Amanda to create a scheme to free Cano. *See* Affidavit of Tonya. Amanda then presented Tonya with a sample copy of an affidavit that had been prepared for her signature. Id. Tonya refused to sign this affidavit, but instead attended interviews with the movant's private investigator. Id. During these interviews, Tonya was coached, rehearsed, and repeated her answers to the audio tape until the investigator was satisfied with her responses. *See* Affidavit of Tonya. In her affidavit, Tonya repudiates any recantation of her trial testimony during these unsworn interviews. *See* Affidavit of Tonya.

It is unclear whether or not Amanda herself signed an affidavit; although an unsigned copy of her rough draft affidavit was included with Respondent's motion (Exhibit "D"), movant failed to submit any signed copy. The movant does provide a new unsworn interview with Amanda provided by Kroll, an independent interviewing agency. *See* Cano's Reply Exhibit "A." This interview reaffirms her previous recantation and attacks Tonya's affidavit. Id. However, the movant failed to supply any sworn statements even in the Reply.

3

## DISCUSSION

### I. Motion for New Trial

The Federal Rules of Criminal Procedure state that the "court on motion of defendant may grant a new trial to that defendant if required in the interest of justice." Fed. R. Crim. P. 33. This Circuit has refined and limited that broad language to require that a party moving for a new trial based on newly discovered evidence must satisfy four conditions: (1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must be such that it will probably produce an acquittal; and (4) the failure to learn of such evidence must not be due to a lack of due diligence on the part of the defendant. U.S. v. Pope, 132 F.3d 684 (11th Cir.1998) ( citing United States v. Sjeklocha, 843 F.2d 485, 487 (11th Cir.1988)); see also Unites States v. Lee, 68 F.3d 1267 (11th Cir. 1995) (adopting the following similar five step test: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result."). Further, a court must consider such a motion with "great caution." Bentley v. United States, 701 F.2d 897, 898 (11th Cir.1983) (citing United States v. Metz, 652 F.2d 478, 479 (5th Cir.1981)).

In determining whether or not recantations of trial testimony are new evidence to satisfy the first element, this Court views the recantations with "extreme caution." United States v. Santiago, 837 F.2d 1545 (11th Cir. 1988); see also Newman v. United States, 238 F.2d 861, 862 (5th Cir.1956) (stating that recantations are viewed with extreme suspicion by the courts). Furthermore, unsworn repudiation does not refute sworn testimony. See United States v. Pearson, 203 F.3d 1243, 1274-75

4

(10th Cir. 2000). A subsequent retraction of the earlier recantation of trial testimony nullifies the earlier recantation's impact and the earlier recantation will not to be considered "new evidence." United States v. Puentes, 50 F.3d 1567, 1578 (11th Cir. 1995) (citing Santiago, 837 F.2d at 1550).

The Movant offers two forms of "new evidence," both coming from post trial interviews with prosecution witnesses. These witnesses recant their trial testimony during these interviews, but make no sworn statements supporting their recantations. Tonya's recantation is subsequently repudiated in her own affidavit submitted by the Respondent. Applying Puentes, the sworn repudiation (the affidavit provided by the Government) nullifies the earlier recantation (the interviews relied upon by the movant) and, failing to satisfy the first factor required in Pope, Tonya's statements do not constitute new evidence.

Amanda's recantation results from several interviews with a private investigator and she even refuses to provide an affidavit to support her contentions. Viewing Amanda's statements with extreme suspicion, particularly in light of Tonya's affidavit outlining Amanda's conspiracy and motive and her refusal to provide any sworn statements despite attending several interviews for the movant, her unsworn recantation fails to show that her sworn statements made at trial were in fact false.

Moreover, even if Amanda's testimony at trial was false, Movant fails to show that her testimony alone would likely result in an acquittal therefore failing to meet the third Pope factor. In fact, the Movant relies on her testimony to impeach other witnesses, which the second Pope factor expressly prohibits, to support the contention that the testimony would likely result in an acquittal. As such, Amanda's recantation clearly falls short of the new evidence standard required in Pope.

5

Furthermore, <u>Pope</u> requires that the evidence have been unknown to the defendant at trial, however, surely the defendant would know that the witnesses were committing perjury on the stand. Due care would also require that the defendant act diligently to remedy these perjuries. However, it has been over six years since the trial and movant gives no explanation for the delay in procuring these recantations. As such, the Movant cannot meet the first or second <u>Pope</u> factors because the defendant did have knowledge of the alleged perjuries at trial and failed to act with due care to remedy the situation.

For the reasons listed above, neither Amanda's nor Tonya's subsequent recantations result in new evidence as required by <u>Pope</u>.

**II. 2255 Motion**

Movant's 2255 motion revolves around perjured testimony at trial in grounds 1-3. These grounds include the claims that the Government: (1.) presented perjured evidence, (2.) knowingly used perjured testimony, and (3.) failed to disclose that key witnesses committed perjury at trial. The movant relies on the "new evidence" discussed in section I. to establish that perjured testimony was offered at trial. To further the claim that perjury was committed at trial by key witnesses, the movant relies on Amanda's interview to establish many inconsistencies with several witnesses' testimony at trial and supports these contentions with other evidence from the trial. However, the Respondent has provided the affidavit of Agent Minelli, which states that no known perjured testimony was used at trial. Furthermore, the movant had ample opportunity to bring to light any inconsistencies in the facts

and testimony upon cross examination of the witnesses.[2] The respondent also provides ample evidence to support the trial court's findings. *See* Government's Response.

As unsworn recantations will not refute sworn testimony, and movant offers no evidence supporting the contention that the prosecution knowingly used perjured testimony, these claims must be denied.

In ground 4, movant argues that the forfeiture was not made part of the judgment and is invalid. The forfeiture was addressed at sentencing, and was acknowledged by movant and his counsel. Movant failed to challenge the forfeiture on direct appeal, and therefore this claim is barred from a 2255 proceeding. Lynn v. United States, 365 F. 3d 1225, 1234 (11th Cir. 2004).

### III. Blakely violation

Finally, Movant argues that the sentence was enhanced by the Court in violation of his Sixth Amendment constitutional right to trial by jury, citing Blakely v. Washington, 124 S. Ct. 2531 (2004). In Varela v. United States, 400 F.3d 864 (11th Cir. 2005), the Eleventh Circuit held that neither Blakely, 124 S. Ct. 2531 nor United States v. Booker, 125 S. Ct. 738 (2005) apply retroactively to cases on collateral review.

---

[2] For example, movant contends that he was not even in Houston during a large drug deal for which he was convicted. The government offers much testimony from several witnesses and other evidence such as surveillance to establish that Cano was present for the Houston deal. Cano's evidence that he was not present rests solely upon the new unsworn statements of Amanda, refuting even her own trial testimony that Cano was in fact present in Houston during these events.

## Recommendation

Accordingly, this Court respectfully recommends that the Motion to Vacate or Set Aside Conviction and Sentence and Motion for New Trial be **DENIED**.

The parties have ten (10) days from the date of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable William H. Hoeveler, Senior United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

DONE AND ORDERED this 16th day of November, 2005 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE

cc: **Honorable William H. Hoeveler**
AUSA Mary V. King
Howard R. Srebnick
Martin G. Weinberg