UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 04-22767-CIV-HOEVELER/BROWN

LUIS H. CANO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent,
_____/

## ORDER DENYING MOTION FOR NEW TRIAL, DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255, AND DENYING MOTION TO AMEND

THIS CAUSE comes before the Court after a review of Movant's Motion to Amend. The Court heard argument from the parties on October 16, 2007, regarding Movant's petition for relief pursuant to 28 U.S.C. § 2255. At that time, Movant withdrew his previously filed claims relating to allegedly perjured testimony which was introduced at trial. Movant's claim relating to the forfeiture allegations is barred by the procedural default rule, as noted by the Magistrate Judge, because Movant failed to pursue the claim on direct appeal and has not demonstrated cause for the default and actual prejudice resulting from the alleged error. Cross v. United States, 893 F2d 1287, 1289 (11th Cir. 1990).

The only other issue raised by Movant in his original petition is the question of whether he was entitled to a jury finding as to the quantity of drugs to support the

sentence imposed.[1] Movant argues that he is entitled to a new trial because of the Supreme Court's rulings in three cases: Apprendi, Blakely, and Booker, which articulate the principle that the Sixth Amendment right to a trial by jury is violated to the extent that a judge increases a defendant's sentence based on facts neither found by a jury nor admitted by the defendant.

In Apprendi v. New Jersey, 530 U.S. 466 (2000), the Supreme Court held that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum sentence must be submitted to a jury and found beyond a reasonable doubt. 530 U.S. at 490. In Blakely v. Washington, 542 U.S. 296 (2004), the Supreme Court extended the rule of Apprendi and determined that the "statutory maximum" is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the holding in Blakely to sentences imposed under the sentencing guidelines. The Eleventh Circuit has not made Booker or Blakely retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Moreover, the Court notes that in the direct appeal of Movant's convictions and sentences, the Eleventh Circuit

---

[1] Movant also argues, in a request to amend his petition, that the statutory mandatory life sentence imposed under Count I violated his Sixth Amendment rights, as that sentence was in excess of a life sentence imposed under the sentencing guidelines (which Movant claims could result in a sentence less than the mandatory remainder of Movant's life). Movant seeks to include a claim that the Court should have presented the jury with the elements identified in 21 U.S.C. § 848(b) to support imposition of a statutory mandatory life sentence. The Court has reviewed the Respondent's opposition to this requested amendment, and has determined that Movant has not advanced a compelling argument for amendment; thus the Motion to Amend is DENIED.

summarily dismissed Movant's claims under Apprendi, noting that they neither had merit nor warranted discussion. United States v. Cano, 289 F. 3d 1354, 1357 (11th Cir. 2002).

Consistent with the above, it is

ORDERED AND ADJUDGED that the Report and Recommendations of the Magistrate Judge be ADOPTED, to the extent that they are not moot by Movant's withdrawal of the perjury claims; Movant's motions for new trial and for relief under 28 U.S.C. § 2255 are DENIED, and Movant's motion to amend is DENIED.

DONE AND ORDERED in Chambers in Miami, Florida, this 24th day of October, 2008.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:
Magistrate Judge Stephen T. Brown
Martin G. Weinberg
Howard M. Srebnick
Randy Hummel
Mary V. King